﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190315-4928
DATE: December 31, 2019

REMANDED

The service connection claim for B-cell chronic lymphocytic leukemia (leukemia) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from October 1975 to October 1981.

The rating decision on appeal was issued in February 2019. The Veteran selected the Higher-Level review land when he timely appealed these rating decisions in a March 2019 notice of disagreement (NOD) and requested “evidence review” of the evidence considered by the Agency of Original Jurisdiction (AOJ). He also submitted additional evidence within 90 days of his NOD. Thus, the Board will consider evidence that was before the AOJ at the time of the February 2019 rating decision, as well as evidence submitted within 90 days of the March 2019 election of the “evidence submission” option. The Board notes that the RO decided this issue on appeal as a claim to reopen service connection for leukemia, based on new and relevant evidence. However, the Veteran submitted relevant evidence for this claim within one year of his notice of an August 2012 rating decision, which initially declined the claim. Thus, the service-connection claim for lymphoma was not final, and has since been pending.

The Board regrets further delay, but additional development is necessary before a decision may be rendered on the issue on appeal. The Veteran asserts that his diagnosis of leukemia is a result of his in-service exposure to chemicals, to include jet fuel and other toxins, and/or asbestosis. See e.g. December 2014 Board Appeal; see also May 2018 Brief.

In support of his claim, the Veteran has submitted an April 2018 private independent medical opinion from a physician and professor of radiation oncology, Dr. C.K. He opined that it is at least as likely as not the Veteran’s leukemia was directly related to his exposure to the known carcinogen, asbestos during his six years of service for the U.S. Navy. However, in a February 2019 VA examination report and opinion for hematologic and lymphatic conditions, a VA examiner determined that based on a review of the Veteran’s claims file, the Veteran’s diagnosis of leukemia is less likely than not incurred in or caused by the asbestos exposure during service.

Nonetheless, the Veteran’s service personnel records are silent as to whether the Veteran was exposed to toxins/chemicals and/or asbestosis, while aboard the U.S.S. Barney and/or the U.S.S. America, and if so, to what extent, despite evidence in his service personnel records, which confirm that the Veteran served aboard these ships, and that his military occupational specialty (MOS) was fire control technician (which has been recognized as a MOS that is “highly probable” of an exposure to asbestosis). Thus, given the nexus opinions on the correlation between the Veteran’s leukemia and a presumed exposure to asbestosis, without any evidence of any exposure, a remand is required for the AOJ to obtain verification of any exposure to chemicals, and/or asbestosis while the Veteran served aboard the U.S.S. Barney and the U.S.S. America.

The matters are REMANDED for the following action:

1. Obtain verification of the Veteran’s exposure to toxins and/or asbestos, while he served aboard the U.S.S. Barney and/or the U.S.S. America.

2. All attempts to fulfill the development specified above, including the mandatory response to the request, must be documented in the claims file. If, after making as many requests as are necessary to obtain these records it is determined that the records sought do not exist or that further efforts to obtain these records would be futile, the RO must issue a Formal Finding on the Unavailability of Records Memorandum.

3. Then, undertake any additional development that may be pertinent and/or collateral to the development of this claim, including and not limited to, scheduling the Veteran for a new VA examination. 

a. If a new VA examination and opinion is sought, a VA examiner must consider all relevant evidence, including and not limited to, all medical literature that the Veteran has submitted, in support of his claim.

A detailed explanation is requested for all opinions provided. If an opinion cannot be provided without resort to speculation, provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be rendered. 

 

 

M. Tenner

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Vanessa-Nola Pratt

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.